

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-31-2006

# Brahmbhatt v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4037

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Brahmbhatt v. Atty Gen USA" (2006). *2006 Decisions.* Paper 546.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/546

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-4037

PANKAJ BRAHMBHATT,
Petitioner,

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent.

PETITION FOR REVIEW OF A DECISION OF
THE BOARD OF IMMIGRATION APPEALS
Agency No. A 38 112 913

Submitted Under Third Circuit LAR 34.1(a)
June 28, 2006

Before: BARRY, VAN ANTWERPEN and SILER,[*] Circuit Judges

(Opinion Filed: August 31, 2006)

OPINION

---

[*] The Honorable Eugene E. Siler, Senior Circuit Judge, United States Court of Appeals
for the Sixth Circuit, sitting by designation.

SILER, <u>Circuit Judge</u>

Petitioner Pankaj Brahmbhatt appeals the denial of his withholding of removal claim on the basis that the Board of Immigration Appeals ("BIA") and the Immigration Judge ("IJ") committed legal error. Because the denial was also based sufficiently upon an evidentiary finding that Brahmbhatt does not challenge, the petition is denied.

**I.**

Brahmbhatt, a citizen of India, was admitted to the United States in 1984 as a lawful permanent resident. In 1999, he pleaded guilty to harboring illegal aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(iii). In May 2001, the former Immigration and Naturalization Service issued a notice to appear, alleging that Brahmbhatt was subject to removal under 8 U.S.C. § 1227 because of his conviction for an aggravated felony. At his removal hearing, Brahmbhatt conceded removability but sought adjustment of his status under an INA § 212(h) waiver (now repealed), withholding of removal under 8 U.S.C. § 1231(b)(3), and withholding under the Convention Against Torture ("CAT") as codified in 8 C.F.R. § 1208.16(c). For the latter claims, he alleges that he feared for his life on the basis that the people he was involved with, specifically one "Diaz" in Dallas, Texas, were dangerous persons and might have him killed and that the Indian government was unlikely to protect him. He also submitted evidence of his substantial assistance to the federal government in breaking up an alien smuggling ring. The IJ denied all his claims and ordered him removed. The IJ also denied waiver under INA § 212(h) because it was unavailable for an alien

2

convicted of an aggravated felony. The BIA affirmed without opinion.

Brahmbhatt filed a timely petition for review in November 2003. We dismissed for lack of jurisdiction over the removal order. He then filed a habeas corpus petition, which was converted to a petition for review and transferred to this court pursuant to section 106 of Title I of the REAL ID Act of 2005. However, based upon his briefs, the only issue before us is Brahmbhatt's withholding of removal claim.

## II.

Where the BIA affirms the IJ without opinion, we review the IJ's opinion directly. *Xie v. Ashcroft*, 359 F.3d 239, 242 (3d Cir. 2004). Where, as here, removal was granted based upon a conviction for an aggravated felony, we may only review for legal error. *See Ilchuk v. Att'y Gen. of the United States*, 434 F.3d 618, 621 (3d Cir. 2006). To be eligible for a grant of withholding of removal, Brahmbhatt must show that he would be persecuted, *i.e.*, that his life or freedom would more likely than not be threatened in India on account of his race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1231(b)(3)(A). *See INS v. Stevic*, 467 U.S. 407, 430 (1984).

The IJ denied withholding because Brahmbhatt failed to prove that he was a member of a protected class and that he more likely than not would be persecuted. Brahmbhatt challenges the first part of the holding, characterizing it as a matter of "applying law to uncontested facts." However, even if he is correct that the IJ mischaracterized his status as a matter of law, the latter part of the holding is sufficient for us to deny the petition for review. Whether an applicant for withholding has demonstrated a clear probability of

persecution is a factual determination. *See Gao v. Ashcroft*, 299 F.3d 266, 272 (3d Cir. 2002). Here, the IJ did not believe Brahmbhatt was likely to be persecuted and saw no connection between his cooperation with the United States government and any persecution by the Indian government or its acquiescence therein. Therefore, even if he is correct about the characterization of his membership in a protected group, Brahmbhatt failed to satisfy the requirements for withholding of removal because he did not prove future persecution, and he identifies no legal error underlying that determination.

Petition DENIED.